## Dickinson v. Fire Association of Philadelphia

*Harry J. Alker,* for plaintiff.

*Pepper, Bodine, Frick, Sheetz & Hamilton,* for defendant.

ALESSANDRONI, P. J., March 29, 1955.—On November 17, 1949, at a special meeting of shareholders, the overwhelming majority of shares voted in favor of a merger of defendant with three affiliate corporations. Plaintiff voted his shares against the merger. Plaintiff thereafter instituted and perfected proceedings for an appraisal to determine the "full market value" of his shares, under the provisions of the Act of May 17, 1921, P. L. 682, sec. 336 40 PS §459. The shares were appraised as of December 31, 1949, at $78 per share. This award was subsequently affirmed by the Supreme Court in Dickinson v. Fire Association of Philadelphia, 378 Pa. 396.

Upon receipt of the remittitur from the Supreme Court, defendant by its counsel expressed its willingness to pay the appraised value, less proper costs to plaintiff upon delivery of plaintiff's shares. Plaintiff failed to respond.

Defendant's petition alleges the foregoing facts and prays for a decree ordering plaintiff to assign the shares upon payment of the appraised value less costs. Plaintiff's answer avers that defendant's willingness

to pay is not payment or tender of payment as required by the statute; it also urges pendency of a prior bill in equity as a reason for the dismissal of this petition. Plaintiff further claims that he is entitled to certain rights by reason of the merger agreement which accrued to shareholders of record on December 31, 1949. Plaintiff's argument is that since he was a shareholder as of December 31, 1949, he is therefore entitled to the benefit of the agreement.

We consider plaintiff's issues inversely to the order mentioned. Plaintiff dissented from the merger agreement; he now seeks to assert rights which accrued only to those who assented to the merger. This position is logically and legally untenable. Since his shares were appraised at full market value as of December 31, 1949, it is to be conclusively presumed that any action taken with respect to the stock previous to that date would be reflected in the "full market value". Having obtained the "full market value" plaintiff cannot obtain anything else. He cannot have the benefits which accrued to the assenting shareholders while enjoying his legal rights as a dissenting shareholder. The positions are contradictory and mutually exclusive. Plaintiff no longer has any rights as a shareholder, all he now owns is the right to be paid the "full market value".

The pendency of the bill in equity, even assuming it covered a completely different question, cannot prevent the conclusion of this particular litigation. There is a final judgment; this petition merely seeks to implement that decree. Even if we assumed arguendo, that the bill would be lis pendens, we would be presented with an incongruous situation; an action at the pleading stage being urged as a bar to the implementation of a final judgment. The pending equity proceeding has no standing as lis pendens.

The language of the statute cited above leads reluctantly to the conclusion that defendant's written willingness to pay does not rise to the height of a formal tender of payment, and therefore under the circumstances, plaintiff was not obliged to assign the shares until either payment or tender of payment was made. The statute requires payment as a condition precedent, the exact language is "upon payment". Unfortunately since defendant failed to pay or tender payment within 30 days of the final decision, i.e., on or before August 9, 1954, the award becomes a judgment and bears interest.

Defendant is therefore liable for legal interest on the amount due from August 9, 1954. Defendant could have avoided this charge by action and, therefore, since plaintiff has an undoubted right to demand strict compliance with the law, plaintiff is now entitled to interest on the award from August 9, 1954.

### Order

And now, to wit, March 29, 1955, defendant's rule on plaintiff to show cause why plaintiff should not assign the shares upon payment of the award is hereby made absolute.

It is further ordered that defendant pay over forthwith to plaintiff the sum of $16,418.35, plus legal interest from August 9, 1954, and that plaintiff forthwith assign and transfer the shares to defendant.